IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Patti Yvonne Roegner ) | CASE NO. 10-16042 |
| ) | |
| DEBTOR. ) | CHAPTER 13 |
| ) | |
| SS#: \*\*\*-\*\*-8559 ) | |

### FIRST AMENDED CHAPTER 13 PLAN

1.      The future income of the Debtor is submitted to the supervision and control of the court, and the Debtor shall pay to the Trustee monthly the sum of $1,615.00 for a term of 60 months

2.      From the payments so received, the Trustee shall make disbursements and creditors shall be treated as follows:

   a.      The claims or expenses entitled to priority under §507(a)(1) shall be paid in full in deferred cash payments before payment to all other creditors as follows:

| PRIORITY CLAIMANTS | TOTAL IN PLAN |
|---|---|
| John Hardeman Chapter 13 Trustee | $9,690.00 |
| Deborah Brooks & Associates, P.C., having received $1,026.00 prior to filing this petition, to receive as a priority in the Plan the sum of $1,474.00 | $1,474.00 |

If secured creditors can demonstrate the need for adequate protection by (1) showing that their collateral is depreciating and (2) that there is no equity in the property, then the Trustee is permitted to pay these secured creditors a reasonable monthly payment upon confirmation of the Plan along with a reasonable monthly payment to the attorney.

   b.      CLAIMS SECURED BY REAL PROPERTY. The following creditor(s) shall retain their lien upon and security interest in real property and shall be paid as a long term debt pursuant to 1322(b)(5).

| CLAIMANT | COLLATERAL | EST AMT OF CLAIM | VALUE | PAYMENT TO BE MADE BY THE TRUSTEE |
|---|---|---|---|---|
| Citimortgage | Homestead | $121,325.00 | $126,000.00 | $968.13 |

The regular ongoing monthly payment, including escrow where applicable, shall be made by the Trustee. The Creditor(s) shall be required to adjust the ongoing mortgage payments to reflect changes in interest rate and/or the cost of insurance, taxes, and other "escrow items" and to timely notify the Trustee and Debtor of any payment change. Neither the Debtor nor the Trustee shall be responsible for any payment shortages, arrearages or other costs attributable to the Creditor's failure to perform annual escrow reviews, Creditor's failure to timely notify the Trustee and the Debtor of any change in the payment amount or payment address and/or the Creditor's failure to timely and properly apply payments received in accordance with the terms of the Chapter 13 Plan. Any such shortages shall be discharged at the completion of the Chapter 13 plan.

The Trustee shall disburse the payment to the creditor each month upon his normal distribution schedule. Such payments shall begin upon confirmation of the Plan or upon any appropriate order of the Court. No payment shall be deemed late and the agreement which is the basis for a claim shall not be deemed in default as a result of arrearages cured under this Plan.

   c.      If the Trustee receives less than the designated Plan payment as stated in Section 1 above during the term of the Plan, the Trustee shall first pay the Debtors' monthly mortgage payment, in full or in part, as set forth in Section 2(b) of the Plan. The remainder of the payment, if any, shall be paid to other secured and/or priority claimants on a pro-rata basis.

The estimated ARREARAGES listed below shall be adjusted to reflect the actual arrearages at the time of confirmation. The arrearage as adjusted (including late charges) shall be cured within a reasonable time as part of the ongoing Plan payment.

| ARREARAGE CLAIMANT | SECURITY | EST. ARREARAGE | MIN MO PYMT |
|---|---|---|---|
| Citimortgage | Homestead | $2,400.00 | Pro-rata |

   d.      OTHER SECURED CLAIMS Under §1325(a)(5)(B), the following secured creditors will retain their liens in Debtor's property to secure their allowed, timely filed secured claims and be paid the value of their collateral in deferred cash payments plus interest at an annual rate of five (5%). The following claims shall be bifurcated according to Title 11 U.S.C. §506 to reflect the current fair-market value of the collateral, which shall be paid as the secured portion of the claim. The difference between the fair market value of the collateral and the total amount of the claim shall be classified as an unsecured claim and shall be paid pro-rata according to paragraph 2(i) of this Plan. Any amount relegated to an unsecured classification and which remains unpaid upon successful conclusion of this Plan shall be discharged by these proceedings and the corresponding lien shall be avoided thereby.

Secured creditors shall be paid before payment to other priority creditors.

| CREDITOR | COLLATERAL | Est AMT OF CLAIM | VALUE | AP | MIN MTHLY PYMT |
|---|---|---|---|---|---|
| Ford Motor Company | 2007 Ford Explorer | $25,674.00 | $20,262.00 | $100.00 | 10 Mnths @100.00 & 50 Mnths @ $440.00 |
| Wells Fargo | PMSI-Furniture | $6,441.00 | $500.00 | $5.00 | $11.00 |

Total amount due secured consumer creditors is the sum of $23,504.00. Any remaining deficiency will be paid pro rata as an unsecured claim. These unsecured deficiencies amount to the sum of $8,600.00.

In the event that the plan payments during the first month of the plan are not sufficient to maintain the ongoing payments to secured creditors, payments to those creditors will be less than provided.

   e.      The claims or expenses entitled to priority under §507(a)(7) shall be paid in full in deferred cash payments after payment to secured creditors as follows:

| PRIORITY CLAIMANT | TOTAL |
|---|---|
| None | $ |

However, any properly filed priority claims filed by the appropriate Tax Authorities, either pre-petition or post-petition, shall be paid through the Debtor's Chapter 13 Plan on a pro-rata basis.

f.  If applicable, collateral will be surrendered to the following secured creditors IN FULL SATISFACTION of the debts as follows:

| CREDITOR | EST. AMOUNT OF CLAIM | COLLATERAL |
|---|---|---|
| **Marriott Ownership | $12,497.00 | Time Share |
| **CitiMortgage | $188,000.00 | House located at 2717 Denver, Lawton, OK 73505 |

**Debtor surrenders interest. Co-Debtor to retain & pay.

g.  If applicable, unsecured creditors of Class I shall be paid in full under Title 11 U.S.C. §1301 and 1322(b)(1). These creditors are as follows:

| CREDITOR | AMOUNT OF CLAIM |
|---|---|
| None | |

h.  General unsecured creditors whose claims are timely filed and allowed will be paid pro rata approximately three percent (3%) of their timely filed claims plus 0% interest. The percentage dividend to be paid to unsecured creditors is estimated and the estimated percentage is in no way a guarantee of any specific amount. This plan shall therefore be confirmed as a **BASE PLAN** and not a percentage plan. The Trustee shall make monthly payments to each of the general unsecured creditors as follows:

GENERAL UNSECURED CREDITORS
(See Schedule F and section 2(d) of the Plan)
Total to be paid to unsecured creditors:                $1,744.00

i.  Pursuant to Section 1322(b)(5), the following long term debts shall be paid according to the terms and conditions of their original note and according to the following schedule:

| CLAIMANT | SECURITY | PAYOFF/CLAIM | MONTHLY PYMT TO BE MADE BY DEBTOR |
|---|---|---|---|
| ACS | Student Loan | $28,050.00 | $220.00 |

3.  a.  If applicable, the following executory contracts or unexpired leases are assumed:

SELLER'S OR LESSOR'S NAME
Sprint

b.  If applicable, the following executory contracts or unexpired leases are rejected:

SELLER'S OR LESSOR'S NAME
Riviera Tanning

4.  The following payments are to be made outside the Plan:

| CREDITOR | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|
| None | | |

5.  Debtor shall commence payments to the Trustee within thirty (30) days of the filing of this case.

### SUMMARY OF DISBURSEMENTS WITHIN THE PLAN

| | |
|---|---|
| Secured creditors | $23,504.00 |
| Class I unsecured creditors | 0.00 |
| House Payments | 58,088.00 |
| Mortgage Arrearages | 2,400.00 |
| Debtor's attorney | 1,474.00 |
| Other Priority Claims | 0.00 |
| Unsecured creditors (including deficiencies and avoided liens) | 1,744.00 |
| SUBTOTAL | $ 87,210.00 |
| Trustee (5% commission plus up to 5% actual expenses) | 9,690.00 |
| TOTAL | $ 96,900.00 |

### LIQUIDATION ANALYSIS

The liquidation value of non-exempt assets is zero (0). The total distribution to unsecured creditors over the entire length of the Plan amounts to $1,744.00 which represents approximately three percent (3%) of their total balances. This is in accordance with 11 U.S.C. §1325(a)(4) in that the payments under the plan are greater than those in a liquidation situation.

11/1/2010
DATE

11/1/10
DATE

_Patti Yvonne Roegner_

ATTORNEYS FOR DEBTOR

DEBORAH BROOKS & ASSOCIATES, P.C.
DEBORAH L. BROOKS, OBA#015684
5500 N. Western, Suite 130
Oklahoma City, OK 73118
(405) 840-6363

ksw